FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 OCT 24 PM 2: 19

CLERK_____
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| MICHAEL W. SEMPLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV607-062 |
| | ) | |
| CYNTHIA JACKSON and SHEENA McKINNIS, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff has filed a complaint pursuant to 42 U.S.C. § 1983. Doc. 1. On September 26, 2007, the Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has returned the two forms; the case is therefore ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. See Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). Under the PLRA, a federal court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983.

Michael Semple, an inmate at Georgia State Prison, alleges that Corrections Officers Cynthia Jackson and Sheena McKinnis beat him with a broom handle. Doc. 1 at 5. He alleges that on the morning of December 16, 2006, at 6:30 a.m., Officers McKinnis and Jackson began banging repeatedly on his cell door. Id. He states that "[a]pproximately 30 seconds

later Sgt. Jackson ordered officer McKinnis CO II to open my cell door food tray flap. At this time Sgt. Jackson put a long push broom handle (that she had removed from leaning against a nearby dormitory support pole) through the opened tr[a]y flap and she struck me vigorously. . ." Id. He alleges that the beating caused a vein to rupture in his arthritic foot. Id. Plaintiff seeks compensation of $80,000 for pain and suffering, $20,000 for medical costs, and he asks the Court to protect him from Sgt. Jackson and all other corrections officers who may retaliate against him for filing this action. Id.

Pursuant to 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before he can bring a suit "with respect to prison conditions." Although the exhaustion requirement is mandatory, plaintiff affirmatively states in his complaint that he has not exhausted all of his available administrative remedies. Indeed, his complaint indicates that he never filed a grievance. Doc. 1 at 3. Therefore, his complaint should be **DISMISSED** for failure to satisfy the exhaustion requirement

set forth in 42 U.S.C.§ 1997e(a).[1]

**SO REPORTED AND RECOMMENDED** this 24TH day of October 2007

/s/ M. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Court acknowledges that in Jones v. Bock, 127 S. Ct. 910 (2007), the Supreme Court held that the PLRA exhaustion requirement is an affirmative defense and that prisoners are not required to specially plead exhaustion in their complaint. Nothing in Jones, however, forbids the Court from dismissing a complaint pursuant to § 1997e if the facts affirmatively alleged in that complaint establish that a prisoner has not exhausted all administrative remedies available to him. Okpala v. Drew, 2007 WL 2407040, at *1 (11th Cir. Aug. 24, 2007); Soler v. Bureau of Prisons, 2007 WL 496472, at *1-2 (N.D. Fla. Feb. 12, 2007); Carbe v. Lappin, 492 F.3d 325, 328 (5th Cir. 2007); Freeman v. Watkins, 479 F.3d 1257, 1259 (10th Cir. 2007).